50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott D. CREECH; Plaintiff-Appellant,
Terry Martin, Plaintiff,
v.
CITY OF PORTSMOUTH; Lynn Grimshaw; Evert Burton; James
Arnett; Charles Horner, Jr., Defendants-Appellees.
 No. 94-3975.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 Before: LIVELY, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Scott D. Creech, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Creech sued the City of Portsmouth, Ohio, the prosecutor for Scioto County, Ohio, the judge who presided over Creech's criminal trial, and two members of the Portsmouth Police Department, claiming numerous violations of his constitutional rights. Terry Martin was also a named plaintiff in the original complaint and amended complaint, but is not a party to this appeal.
 
 
 3
 The original and amended complaint referred to events that allegedly took place at plaintiff Martin's apartment on September 28, 1991, and which led to the criminal prosecution and conviction of Creech. It is alleged that Creech has been the target of acts of revenge on the part of the Portsmouth Police Department and other city and county officials. It is further alleged that the defendants conspired to wrongfully convict Creech, and that they have since conspired to cover-up "their illegal, criminal and unconstitutional behavior by the malicious prosecution and false imprisonment of the plaintiff...."
 
 
 4
 The defendants filed motions to dismiss on June 9, 1994. By order filed June 21, 1994, the defendant judge and prosecutor were dismissed. Reconsideration of the June 21, 1994, order was denied on July 15, 1994. In an opinion and order filed August 17, 1994, the district court dismissed the complaint against the remaining defendants as time-barred. Judgment was entered August 18, 1994.
 
 
 5
 This court renders de novo review of a judgment dismissing a complaint under Fed.R.Civ.P. 12(b)(6). Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993).
 
 
 6
 Upon de novo review, we conclude that the district court properly dismissed Creech's complaint. Defendants Burton and Grimshaw were entitled to absolute immunity from suit for damages arising out of the performance of their duties. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Stump v. Sparkman, 435 U.S. 349, 364 (1978); Imbler v. Pachtman, 424 U.S. 409, 424-26 (1976); Pierson v. Ray, 386 U.S. 547, 553-54 (1967). The specific allegations against defendants Burton and Grimshaw make clear that their alleged actions took place during the course of a criminal prosecution and trial. Furthermore, although the amended complaint contains conclusory allegations of conspiracy among all of the defendants, more than conclusory allegations are necessary to withstand a Fed.R.Civ.P. 12(b)(6) motion to dismiss. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987).
 
 
 7
 Upon further review, we conclude that Creech's cause of action against the remaining defendants accrued on September 28, 1991. See Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991); Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991); Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989). As a result, the complaint, filed January 27, 1994, is barred by Ohio's applicable two-year statute of limitations. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc).
 
 
 8
 On appeal, Creech argues that the statute of limitations should be tolled because his attorney committed malpractice, because he is incarcerated, and because he was physically and mentally disabled. None of these claims were raised in the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances warrant addressing these claims now. First, under Ohio Rev.Code Ann. Sec. 2305.16, legal malpractice does not toll the statute of limitations. Second, incarceration no longer serves to toll the running of an Ohio statute of limitations. Ohio Rev.Code Ann. Sec. 2305.16 (Anderson 1991). Third, Creech failed to allege in his complaint or amended complaint that a court of competent jurisdiction had declared him incompetent or that he was confined in an institution or hospital under a diagnosed condition or disease which rendered him incompetent. See Firestone v. Galbreath, 747 F.Supp. 1556, 1567 (S.D.Ohio 1990), aff'd in part and rev'd in part, 25 F.3d 323 (6th Cir.1994).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.